IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                                  Case No. 3:07cv462/LAC/EMT

PAUL HAWK, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 11).  Leave to proceed in forma pauperis has been granted (Doc. 4).

      Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  Upon review of the amended complaint, it appears that this case should be dismissed as malicious.  Section IV.D of the civil rights complaint form asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 11 at 4).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes."  Thereafter, Plaintiff listed seven (7) cases (*see id.*–continuation page).  Thus, Plaintiff has in effect stated that only the listed lawsuits were dismissed as frivolous, malicious, failing to state a claim, or prior to service; in other words, Plaintiff states that no other cases initiated by Plaintiff were dismissed in such a manner.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*id.* at 7).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed <u>Apel v. Escambia County Sheriff's Department</u>, No. 3:03cv213/RV/MD (dismissed July 29, 2003), <u>Apel v. Lakeview Center Inc.</u>, No. 3:03cv215/RV/MD (dismissed Aug. 21, 2003), <u>Apel v. Walmart Stores Inc.</u>, No. 3:03cv223/RH/MD (dismissed Aug. 5, 2003), <u>Apel v. Big Lagoon State</u>, No. 3:03cv275/RV/MCR (dismissed Sept. 10, 2003), <u>Apel v. Labor Finders</u>, No. 3:03cv286/RV/MCR (dismissed Oct. 27, 2003), <u>Apel v. Blue Angel Navy Recreation Park</u>, No. 3:03cv287/RV/MD (dismissed Aug. 27, 2003), <u>Apel v. Central Intelligence Agency</u>, No. 3:06cv127/MCR/MD (dismissed May 1, 2006), <u>Apel v. Central Intelligence Agency</u>, No. 3:06cv136/RS/MD (dismissed May 23, 2006), and <u>Apel v. Hall</u>, No. 3:06cv139/RV/MD (dismissed May 31, 2006). Each of the aforementioned cases, which were <u>not</u> listed by Plaintiff in the instant amended complaint, was dismissed for failure to state a claim.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause

without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 27th day of November 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).